FILED
September 30, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003804895

7

WALTER & WILHELM LAW GROUP
a Professional Corporation
Riley C. Walter #91839
205 E. River Park Circle, Suite 410
Fresno, CA 93720
Telephone:   (559) 435-9800
Facsimile:    (559) 435-9868
E-mail:        rileywalter@W2LG.com

(SPACE BELOW FOR FILING STAMP ONLY)

Attorneys for Debtor

IN THE UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| In re<br><br>SIERRA KINGS HEALTH CARE DISTRICT, a California Health Care District,<br><br>          Debtor.<br><br>Tax ID #:    94-1529883<br>Address:     372 W. Cypress Avenue<br>                    Reedley, CA 93654 | CASE NO.  09-19728-B-9<br><br>Chapter 9<br><br>DC No.: WW-88<br><br>Date:      October 13, 2011<br>Time:      9:00 a.m.<br>Place:     2500 Tulare Street<br>               Fresno, CA  93721<br>               Courtroom 12<br>Judge:    Honorable W. Richard Lee |

**MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER AUTHORIZING SIERRA KINGS HEALTH CARE DISTRICT TO ASSUME AND ASSIGN EXECUTORY CONTRACTS AND UNEXPIRED NON-RESIDENTIAL REAL PROPERTY LEASES**

TO THE HONORABLE W. RICHARD LEE, UNITED STATES BANKRUPTCY JUDGE:

Sierra Kings Health Care District ("Debtor"), a California Health Care District,

hereby moves the Court, in contemplation of effecting a sale of all personal property

assets ("Sale") to Adventist Health and its affiliates, including Reedley Community

Hospital ("AH"), pursuant to 11 U.S.C. §§ 365(a), 365(f) and B.R. 6006, for entry of an

order:

1.      Authorizing Debtor to assume and assign executory contracts and unexpired non-residential real property leases ("Designated Contracts and Leases") identified in Exhibit "A" ("Exhibit 'A'") of the annexed "Declaration of Teresa Jacques" ("Declaration") to AH. Such assumption and assignment will be effective on the date of Sale closing, October 31, 2011 ("Closing Date"), as defined in the purchase agreement entered into by Debtor and AH ("Purchase Agreement").

2.      Waiving the fourteen (14) day stay provision of B.R. 6006(d).

3.      Authorizing Debtor to pay, at the Closing Date, the cure amounts, if any exist, under the Designated Contracts and Leases. The Cure Amounts consist of unpaid monetary obligations or pecuniary loss liabilities of the Debtor under the Designated Contracts and Leases, which existed prior to the Closing Date.

This Motion is based on the attached (1) Memorandum of Points and Authorities, (2) Declaration, (3) Exhibit "A" of the annexed Declaration, and (4) the record in this case.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order: (1) authorizing the assumption and assignment of the Designated Contracts and Leases with such assumption and assignment to be effective upon the Closing Date; (2) waiving the fourteen (14) day stay provision of B.R. 6006(d); (3) authorizing the Debtor to pay, at the Closing Date, the cure amounts, if any exist, under the Designated Contracts and Leases.; and (4) grant such other relief as is just and proper.

Dated: September 30, 2011

WALTER & WILHELM LAW GROUP
a Professional Corporation

_____
Riley C. Walter, Attorneys for Debtor

MOTION AND MEMORANDUM OF POINTS AND
AUTHORITY IN SUPPORT OF MOTION FOR ORDER
AUTHORIZING SIERRA KINGS HEALTH CARE
DISTRICT TO ASSUME AND ASSIGN EXECUTORY CONTRACTS
AND UNEXPIRED NON-RESIDENTIAL LEASES          -2-          M:\S-U\Sierra Kings Health Care
District\Pleadings\WW-88 Motion to Assume
and Assign\Motion.093011.nam.docx

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

1.      On October 8, 2009, Debtor filed a voluntary petition for Chapter 9 bankruptcy.

2.      Debtor is a local health care district formed pursuant to Health and Safety Code Section 3200 et seq. Debtor owns and operates Sierra Kings District Hospital.

3.      Debtor has entered into a transaction with Adventist Health and its affiliates, including Reedley Community Hospital ("AH") whereby Debtor will sell all of its personal property assets ("Sale") and lease its real property to AH. AH intends to use such personal property assets in the business of providing healthcare services within Debtor's health care district. The Sale is due to close on or about October 31, 2011.

4.      As a part of the Sale, certain executory contracts and unexpired leases ("Designated Contracts and Leases"), identified in Exhibit "A" ("Exhibit 'A'") of the annexed Declaration of Teresa Jacques ("Declaration"), are to be assumed by Debtor and assigned to AH.

5.      Exhibit "A" specifies, respectively as to each of the Designated Contracts and Leases, the following information: the (1) contract party, and (2) subject contract or lease.

### II.

### ARGUMENT

**A.      The Court Should Enter an Order Authorizing Debtor to Assume the Designated Contracts and Leases.**

11 U.S.C. §§ 365(a) allows the Debtor to assume any executory contract and/or non-residential real property lease, subject to the approval of the Court.

The standard for reviewing whether a contract should be assumed and on what terms it should be assumed is one of business judgment. Group of Institutional

1  <u>Investors v. Chicago, Milwaukee, St. Paul and Pacific R.R. Co.</u>, 318 U.S. 523, 550

2  (1943). In applying the "business judgment standard, courts show great deference to a

3  debtor's decision to assume executory contracts, with only a cursory review of [the

4  debtor's] decision…." <u>In re Pomona Valley Medical Group, Inc.</u>, 476 F.3d 665, 670 (9th

5  Cir. 2007);. As long as the decision to assume such contracts is a reasonable exercise

6  of business judgment, a court should approve the assumption or rejection of an

7  executory contract. <u>See</u> <u>e.g.</u> <u>NLRB v. Bildisco & Bildisco</u>, 465 U.S. 513, 523 (1984).

8        Assumption of the Designated Contracts and Leases is essential to Debtor's

9  successful reorganization because it will enable Debtor to consummate the Sale to AH.

10  AH and Debtor have determined that the Designated Contracts and Leases are critical

11  to the business operations for which AH will use the personal property assets that are to

12  be transferred from Debtor to AH in the Sale. The Sale is essential to Debtor's

13  reorganization because Debtor will use the purchase price from the Sale to cure the

14  Designated Contracts and Leases, satisfy allowed proofs of claims, and continue its

15  business functions, such that Debtor will eventually be restored to solvency and

16  discharged from bankruptcy.

17        To assume the Designated Contracts and Leases, Debtor must (1) cure defaults

18  under such agreements, (2) compensate non-debtor parties to such agreements for

19  pecuniary loss resulting from said defaults, and (3) provide adequate assurance of

20  future performance under the contract or lease to the non-debtor parties to such

21  agreements. 11 U.S.C. § 365(b); <u>See also</u> <u>In re Bowman</u>, 194 B.R. 227, 230 (Bankr. D.

22  Ariz. 1995).

23        Debtor will satisfy the requirements of 11 U.S.C. § 365(b) on the Closing Date by

24  curing all defaults under the Designated Contracts and Leases, compensating non-

25  Debtor parties to the Designated Contracts and Leases for pecuniary losses resulting

26  from said defaults, and providing adequate assurance of future performance under the

27  Designated Contracts and Leases to the non-debtor parties to those agreements

28  (adequate assurance of future performance is fully discussed below in <u>Section II(B)</u>).

MOTION AND MEMORANDUM OF POINTS AND     -4-     M:\S-U\Sierra Kings Health Care
AUTHORITY IN SUPPORT OF MOTION FOR ORDER     District\Pleadings\WW-88 Motion to Assume
AUTHORIZING SIERRA KINGS HEALTH CARE DISTRICT     and Assign\Motion.093011.nam.docx
TO ASSUME AND ASSIGN EXECUTORY CONTRACTS
AND UNEXPIRED NON-RESIDENTIAL LEASES

1       Based on the foregoing, Debtor has exercised sound business judgment and

2   satisfied the requirements of 11 U.S.C. § 365(b), therefore the Court should entering an

3   order authorizing the assumption and assignment of the Designated Contracts and

4   Leases with such assumption and assignment to be effective upon the Closing Date.

5   **B.      THE COURT SHOULD APPROVE DEBTOR'S ASSIGNMENT OF THE**

6           **DESIGNATED CONTRACTS AND LEASES.**

7       11 U.S.C. § 365(f) states that, with the court's approval, a debtor may assign an

8   executory contract or unexpired lease if "adequate assurance of future performance by

9   the assignee of such contract or lease is provided…." 11 U.S.C. § 365(f)(2). "This

10  requirement is to be given a practical, pragmatic construction based upon the

11  circumstances of the case." In re PRK Enters., Inc., 235 B.R. 597, 603 (Bankr. S.D. Tex.

12  1999). "An absolute guarantee, such as a letter of credit, is not required to meet this

13  standard." In re Teck Hifi, Inc., 49 B.R. 876, 879 (Bankr. D. Mass. 1985) (bankruptcy

14  court held that assignment to newly formed corporation that was a subsidiary of a larger

15  corporation with strong financial statements, without more, met § 365(f) requirements).

16  "The assurance of future performance is adequate if performance is likely (i.e. more

17  probable than not." In re Prime Motor Inns, 166 B.R. 993, 997 (Bankr. S.D. Fla. 1994).

18       AH is an established and well-capitalized entity. It has demonstrated its ability to

19  perform by its prolonged growth and success in the health care industry. This status

20  provides the non-Debtor parties to the Designated Contracts and Leases with adequate

21  assurance of future performance by AH.

22       Based on the adequate assurance of future performance that AH's purchase of

23  Debtor's personal property assets provides to non-Debtor parties to the Designated

24  Contracts and Leases, Debtor's assignment of the Designated Contracts and Leases to

25  AH satisfies the requirements of 11 U.S.C. § 365(f). For these reasons the Court should

26  enter an order authorizing Debtor to assign the Designated Contracts and Leases to AH

27  at the Closing Date.

28

MOTION AND MEMORANDUM OF POINTS AND       -5-       M:\S-U\Sierra Kings Health Care
AUTHORITY IN SUPPORT OF MOTION FOR ORDER       District\Pleadings\WW-88 Motion to Assume
AUTHORIZING SIERRA KINGS HEALTH CARE DISTRICT       and Assign\Motion.093011.nam.docx
TO ASSUME AND ASSIGN EXECUTORY CONTRACTS
AND UNEXPIRED NON-RESIDENTIAL LEASES

**C. THE COURT SHOULD WAIVE THE FOURTEEN DAY STAY PROVISION OF B.R. 6006(D).**

"An order authorizing the trustee to assign an executory contract or unexpired lease under Sec. 365(f) is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise." B.R. 6006(d). Debtor hereby requests that the Court waive the fourteen (14) day stay to accommodate the November 1, 2011 Closing Date. Due to the close proximity of the closing Date, AH and Debtor are under time pressure to complete tasks associated with the closing requirements of the Purchase Agreement. As a result, a fourteen (14) day stay of order authorizing the assumption and assignment of the Designated Contracts and Leases could delay closing and jeopardize Debtor's ability to consummate the Sale to AH.

**D. THE COURT SHOULD AUTHORIZE DEBTOR TO PAY THE CURE AMOUNTS, IF ANY EXIST, UNDER THE DESIGNATED CONTRACTS AND LEASES.**

A debtor must cure any existing defaults under an executory contract or unexpired lease satisfy the requirements of 11 U.S.C. § 365(f) for obtaining a court order authorizing assumption of such agreement. 11 U.S.C. § 365(f). Debtor will cure, where applicable, existing defaults under the Designated Contracts and Leases. Because the requested Order is not effective until the Closing, Debtor will have the financial ability to satisfy the cure requirement of 11 U.S.C. § 365(f).

It is noted that AH is not responsible for paying the cure amounts.

For these reasons the court should enter an order authorizing Debtor to pay, at the Closing Date, the cure amounts, if any exist, under the Designated Contracts and Leases.

///

///

///

///

///

MOTION AND MEMORANDUM OF POINTS AND
AUTHORITY IN SUPPORT OF MOTION FOR ORDER
AUTHORIZING SIERRA KINGS HEALTH CARE DISTRICT
TO ASSUME AND ASSIGN EXECUTORY CONTRACTS
AND UNEXPIRED NON-RESIDENTIAL LEASES
 -6- 
M:\S-U\Sierra Kings Health Care
District\Pleadings\WW-88 Motion to Assume
and Assign\Motion.093011.nam.docx

III.

**CONCLUSION**

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order: (1) authorizing the assumption and assignment of the Designated Contracts and Leases with such assumption and assignment to be effective upon the Closing Date; (2) waiving the fourteen (14) day stay provision of B.R. 6006(d); and (3) authorizing the Debtor to pay, at the Closing Date, the cure amounts, if any exist, under the Designated Contracts and Leases.

Dated:  September _30_, 2011                    WALTER & WILHELM LAW GROUP
                                               a Professional Corporation


                                               _____
                                               Riley C. Walter, Attorneys for Debtor

MOTION AND MEMORANDUM OF POINTS AND
AUTHORITY IN SUPPORT OF MOTION FOR ORDER
AUTHORIZING SIERRA KINGS HEALTH CARE DISTRICT
TO ASSUME AND ASSIGN EXECUTORY CONTRACTS
AND UNEXPIRED NON-RESIDENTIAL LEASES                    -7-                    M:\S-U\Sierra Kings Health Care
District\Pleadings\WW-88 Motion to Assume
and Assign\Motion.093011.nam.docx