Filed 01/31/12    Case 09-19728

2009-19728
FILED Doc 1190
January 31, 2012
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0004039375

6
WALTER & WILHELM LAW GROUP
a Professional Corporation
Riley C. Walter #91839
Jake A. Soberal #277875
205 E. River Park Circle, Suite 410
Fresno, CA 93720
Telephone:   (559) 435-9800
Facsimile:   (559) 435-9868
E-mail:       rileywalter@W2LG.com

Attorneys for Debtor

IN THE UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| In re<br><br>SIERRA KINGS HEALTH CARE DISTRICT, a California Health Care District,<br><br>Debtor<br><br>Tax ID #:   94-1529883<br>Address:    372 W. Cypress Avenue<br>            Reedley, CA 93654 | CASE NO.  09-19728-B-9<br><br>Chapter 9<br><br>DC No.:   WW-64<br><br>Date:     January 19, 2011<br>Time:     9:00 a.m.<br>Place:    2500 Tulare Street<br>          Fresno, CA  93721<br>          Courtroom 12, Fifth Floor<br>Judge:    Honorable W. Richard Lee |

**ORDER CONFIRMING SECOND MODIFIED PLAN FOR THE ADJUSTMENT OF DEBTS OF SIERRA KINGS HEALTH CARE DISTRICT DATED AS OF OCTOBER 15, 2011**

At Fresno, in the Eastern District of California.

The hearing ("Confirmation Hearing") to consider confirmation of the Second Modified Plan for the Adjustment of Debts of Sierra Kings Health Care District, dated as of October 15, 2011, commenced before the undersigned Judge of the United States Bankruptcy Court at Fresno in the Eastern District of California on January 19, 2012, at 9:00 a.m.  Riley C. Walter appeared on behalf of Sierra Kings Health Care District and other appearances are as set forth in the record of the hearing.

Having considered, among other things:

ORDER CONFIRMING SECOND
MODIFIED PLAN FOR THE
ADJUSTMENT OF DEBTS OF SIERRA
KINGS HEALTH CARE DISTRICT
DATED AS OF OCTOBER 15, 2011

-1-

M:\S-U\Sierra Kings Health Care District\Confirm\Confirmation Module\Order Confirming 2nd Mod. Plan.v3.013112.gaa.docx

RECEIVED
January 31, 2012
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0004039375

(i)　The Second Modified Plan for the Adjustment of Debts of Sierra Kings Health Care District dated as of October 15, 2011 (the "Plan");

(ii)　The Second Modified Disclosure Statement for the Plan of Adjustment dated as of October 15, 2011 (the "Disclosure Statement"), approved by the Order Approving the Second Modified Disclosure Statement for the Plan of Adjustment Of Debts of Sierra Kings Health Care District Dated as of October 15, 2011 and Fixing Time for Filing Acceptance or Rejection of Plan and Notice of Hearing on Confirmation of the Chapter 9 Plan, entered November 15, 2011 ("Disclosure Statement Order"), finding and holding, among other things, that the Disclosure Statement contained adequate information for use in connection with the solicitation of acceptances of the Plan;

(iii)　The proofs of service relative to the dissemination of the Plan, Disclosure Statement, ballots and notice of the date and time of the confirmation hearing and the deadlines to vote on and object to confirmation of the Plan;

(iv)　Declaration of Peg T. Watson to which is attached the ballot tabulation report;

(v)　The arguments of counsel at the Confirmation Hearing; and

(vi)　The testimony, documentary evidence and other items admitted into evidence at the Confirmation Hearing.

Having separately issued, on the record, its findings of fact and conclusions of law regarding the confirmation requirements of §§ 943(b) and 1129(a), finding herein that all amounts to be paid for services or expenses in the case or incident to the Plan have been fully disclosed and are reasonable, based on the disclosures filed on January 24, 2012, and concluding that compliance has been made with all aspects of § 943(b)(1)-(7) of the Code, including those aspects of Title 11 made applicable by §§ 103(e) and 901 of Title 11, THE COURT HEREBY ORDERS:

1. Pursuant to § 943(b), the Plan is confirmed with the modifications and amendments set out at paragraph 14 of this Order.

2. All Plan objections not expressly withdrawn are overruled on the merits.

3. The Debtor shall receive a discharge as provided by §944 of the Code.

4. The Court retains jurisdiction over the Debtor's Chapter 9 case to the fullest extent allowed by law.

5. All entities that have, or may hold discharged claims are permanently enjoined, from and after the Effective Date, from (a) commencing or continuing, in any manner, any action or other proceeding of any kind with respect to any such discharged claim or cause of action against the Debtor or that would interfere with the closing of the transactions contemplated by the Plan or otherwise delay or impede the full implementation of the Plan, (b) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree or order against the Debtor with respect to such discharged claims or causes of action, (c) creating, perfecting or enforcing any lien or encumbrance of any kind against the Debtor or its property or interests in property, and (d) asserting any right of setoff, subrogation or recoupment of any kind against any obligation due to the Debtor with respect to any such discharged claim or cause of action except as otherwise permitted by § 553 of the Bankruptcy Code.

6. All injunctions or stays provided for in the Debtor's Chapter 9 case pursuant to §§ 105, 362 or 922 of the Bankruptcy Code shall remain in full force and effect until the date on which the discharge of the Debtor occurs.

7. The Debtor and all of its officers, directors, employees, and professionals are authorized to take any and all actions deemed necessary or reasonable by them in the exercise of their business judgment to cause the consummation and implementation of all transactions contemplated by the Plan to occur and to otherwise assure that the Plan's provisions are implemented as provided for in the Plan.

8. The Effective Date of the Plan shall be the first day after entry of this order.

9. The provisions of the Plan and this Order shall bind the Debtor and all its Creditors regardless of: (a) whether or not the claims of such Creditors or claims and causes of action are expressly provided for under the Plan; (b) whether or not such Creditors have accepted the Plan; and (c) whether or not such Creditors have filed proofs of claim in this case.

ORDER CONFIRMING SECOND MODIFIED PLAN FOR THE ADJUSTMENT OF DEBTS OF SIERRA KINGS HEALTH CARE DISTRICT DATED AS OF OCTOBER 15, 2011          -3-          M:\S-U\Sierra Kings Health Care District\Confirm\Confirmation Module\Order Confirming 2nd Mod. Plan.v3.013112.gaa.docx

10. All executory contracts and unexpired leases of the Debtor, to the extent not previously assumed or rejected, are rejected as of the Effective Date or such other date as set forth in any order regarding the rejection of any of the Debtor's executory contracts or unexpired leases. The bar date for filing a proof of claim based on the rejection of an executory contract or unexpired lease which is rejected pursuant to the terms of this Order shall be thirty (30) days from service of notice of entry of this Order or as otherwise provided in any order regarding the rejection of any of the Debtor's executory contracts or unexpired leases. Notice of the rejection of any such executory contract or unexpired lease rejected by this Order shall be promptly given to any such claimants.

11. If and to the extent that there is any direct conflict between the terms of the Plan and the terms of this Order, the terms of this Order shall govern and control. The failure to reference any particular provision of the Plan in this Order shall have no effect on the binding nature, enforceability or legality of such provision and such provision shall have the same binding effect, enforceability and legality of any other provision of the Plan.

12. This Order shall constitute all approvals and consents required of the Bankruptcy Court, if any, by the laws, rules or regulations of any state or any other governmental or regulatory authority or governmental unit with respect to the implementation or consummation of the Plan or any documents, instruments or agreements referred to in or contemplated by the Plan and any amendments or modifications thereto and any other acts referred to in or contemplated by the Plan, the Disclosure Statement and any documents, instruments, or agreements and any amendments or modifications thereto. All actions taken by the Debtor, in connection with the implementation of the Plan, including the Closing of the ASA shall be deemed to have been taken in good faith.

13. All requests for payment of any administrative claims (other than claims for professional fees and post petition debts incurred in the ordinary course of business) arising after October 15, 2011 except as previously ordered must be filed and served on

ORDER CONFIRMING SECOND MODIFIED PLAN FOR THE ADJUSTMENT OF DEBTS OF SIERRA KINGS HEALTH CARE DISTRICT DATED AS OF OCTOBER 15, 2011

-4-

M:\S-U\Sierra Kings Health Care District\Confirm\Confirmation Module\Order Confirming 2nd Mod. Plan.v3.013112.gaa.docx

the Debtor no later than sixty (60) days after the Effective Date and the giving of notice to the affected persons (the "Administrative Claims Bar Date"); provided, however, that the Administrative Claims Bar Date may be extended from time to time upon agreement of the Debtor or pursuant to order of the Bankruptcy Court.  Holders of administrative claims that are required to file a request for payment of such administrative claims that do not file such a request by the applicable Administrative Claims Bar Date will be forever barred from asserting such administrative claims against the Debtor or its property.  Payment on post petition debts incurred in the ordinary course of business shall be paid in the ordinary course of business without need to file a request for payment.

14. The Plan is further amended, modified and clarified as follows:

A. Article VII(B) at page 23, lines 1-4 is deleted beginning with the words "and, as a result…" to the end of the sentence.

B. Article VIII, at page 23, line 24 to page 24, line 2, is amended to require that distributions to be made to creditors who filed proofs of claim shall be made to the address on the Proof of Claim unless the claimant gives notice in writing to send the distribution to a different address.

C. Article VIII(C)(2) and (3) are each amended to delete the first sentence of each which currently reads as follows:

> 2. If any entity entitled to receive distributions pursuant to this Plan does not present itself on the Effective Date or on such other date all which such entity becomes eligible for distribution, such distributions shall be deemed to be "Unclaimed Property."

> 3. If any claimant entitled to receive distributions pursuant to the Plan does not present itself on the Effective Date or on such other date on which such claimant becomes eligible for distribution, such distributions shall be deemed to be "Unclaimed Property."

D. Article X, at page 29, line 20 to line 26, is deleted and replaced with the following language:

"The effect of confirmation is as is set out in Section 944. The

ORDER CONFIRMING SECOND MODIFIED PLAN FOR THE ADJUSTMENT OF DEBTS OF SIERRA KINGS HEALTH CARE DISTRICT DATED AS OF OCTOBER 15, 2011　　-5-　　M:\S-U\Sierra Kings Health Care District\Confirm\Confirmation Module\Order Confirming 2nd Mod. Plan.v3.013112.gaa.docx

discharge when effective shall not extend to any of the following: (a) any debt specifically and expressly excepted from discharge by this Plan or the Confirmation Order including but not limited to the General Obligation Bonds, (b) any debt owed to an entity that, before the confirmation of this Plan, had neither notice nor actual knowledge of the Chapter 9 Case, and (c) the Transaction Claims,."

E.  Article XI, at page 31, line 14 to page 33, line 22, is <u>deleted</u> and <u>replaced</u> with the following language:

"The Bankruptcy Court shall retain jurisdiction over any matter arising under the Bankruptcy Code and related to the District to the fullest extent allowed by applicable law."

F.  Article XII, pages 33-35 regarding "Conditions Precedent" is deleted in its entirety.

15.  This Order shall be effective upon entry on the Court's docket, and the stay imposed by Bankruptcy Rule 3020(e) shall not apply.

Presented by:

WALTER & WILHELM LAW GROUP,
a Professional Corporation

By: *Riley C. Walter*
Riley C. Walter
Attorneys for Sierra Kings Health Care
District, Debtor

IT IS SO ORDERED:

Dated: Jan 31, 2012

*[signature]*

W. Richard Lee
United States Bankruptcy Judge